UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
————————————————————————————X

**SID BOYS CORP. d/b/a KELLOGG's DINER, and
143 CAFE INC. d/b/a TOSCANA,**

                       **Plaintiffs,**               **COMPLAINT**

Against                                         Civil No.:

**ANDREW M. CUOMO, in his Official Capacity as
Governor of the State of New York, ATTORNEY GENERAL
of the STATE OF NEW YORK, and THE STATE
OF NEW YORK,**
                      **Defendants.**

————————————————————————————X

     Plaintiffs Sid Boys Corp. d/b/a Kellogg's Diner ("Kellogg's"), and 143 Cafe Inc. d/b/a

Toscana, (collectively, "Plaintiffs"), for their Complaint against Defendants Governor Andrew

M. Cuomo ("Governor"), Attorney General of the State of New York ("Attorney General"),

and State of New York (collectively, "Defendants"), allege as follows:

## INTRODUCTION

     The Restaurant Industry is "Essential" to New York City's social and economic fabric.

Since March 2020, the restaurant industry in New York City has been hit very hard by the

Covid-19 pandemic. Mandatory closures and severe restrictions have resulted in

unprecedented upheaval for the industry. Many restaurants and bars have closed and

significantly reduced their operations. Once again, Governor Cuomo has shutdown "indoor

dining" in New York City and since these restaurants and bars often operate on tight margins,

there are growing fears that many restaurants and bars will be forced to close permanently.

## NATURE OF THIS ACTION

1.      The Supreme Court very recently noted that, "even in a pandemic, the Constitution cannot be put away and forgotten." *Roman Catholic Diocese of Brooklyn v. Cuomo*, 2020 WL 6948354, at 3* (U.S. November 25, 2020) (*"Brooklyn Diocese v. Cuomo"*).

2.      In reversing *South Bay United Pentecostal Church v. Newsom*, 140 Sup. Ct. 1613 (2020), the Supreme Court in *Brooklyn Diocese v. Cuomo*  opined that, "*At that time, Covid had been with us, in earnest for just three months. Now, as we round out 2020 and face the prospect of entering a second calendar year living in the pandemic's shadow, that rationale has expired according to its own terms. Even if the Constitution has taken a holiday during this pandemic, it cannot become a sabbatical.*"

3.      Despite rounding out 2020, Governor Cuomo continues to enforce strict shutdowns on Plaintiffs with no end or guidance in sight. The Plaintiffs are restaurants in New York City that were irrationally shutdown by Governor Cuomo on December 14, 2020 by Executive Order 202.81. The restaurants are on the brink of extinction.

4.      This civil rights action challenges the executive "shut down" order 202.81 issued by Governor Andrew M. Cuomo which shut down "indoor dining" again in New York City on December 14, 2020 for a *second time* and more importantly, at the beginning of the holiday season.

5.      In an arbitrary and capricious manner, Defendant Cuomo issued Executive Order 202.81, which is inconsistent with the State's own statistical and health data.

6.  Executive Order 202.81 is causing immeasurable, immediate and irreparable harm to owners of restaurants, already devastated by nearly ten months of closures and severe restrictions, and are on the verge of financial ruin. In addition, employees of all restaurants and bars have been laid off at the beginning of the holiday season.

7.  Casinos, Malls, Department Stores, Gyms, Catering Halls, Bowling Alleys, Liquor Stores, Bakeries, BJ's Warehouse, Target stores, Walmart, Restaurants outside New York City and countless others are allowed to operate indoors, but the *New York City Restaurant and Bar* industry has been ordered to shutdown its *indoor dining* right before the holidays without any scientific basis.

8.  This action seeks declaratory and injunctive relief for deprivations sustained and continued to be sustained by plaintiffs and for violations committed by Defendants, acting under the color of state law, against Plaintiffs' rights as guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution.

9.  Defendant Cuomo's irrational, fear-driven, non-scientific Executive Order 202.81 also violates the Due Process Clause of the United States Constitution by unjustifiably denying Plaintiffs their right to pursue their profession and earn a livelihood.

10.  Defendant Cuomo's Executive Order 202.81 continues to treat the *New York City Restaurant and Bar* industry differently than restaurants and bars bordering New York City and differently and disparately from other New York City businesses and indoor spaces such as Casinos, Malls, Bowling Alleys, Department Stores and Liquor Stores.

## JURISDICTION & VENUE

11.     This action arises under 42 U.S.C. § 1983 in relation to Defendants' deprivation of Plaintiff's constitutional rights to due process and equal protection rights under the Fifth and Fourteenth Amendments to the U.S. Constitution. Accordingly, this Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1343. This Court has authority to award the requested declaratory relief under 28 U.S.C. § 2201; the requested injunctive relief and damages under 28 U.S.C. § 1343(a) and 42 U.S.C. § 1983; and attorneys' fees and costs under 42 U.S.C. § 1988.

12.     The Court has jurisdiction over Plaintiffs' federal law claims under 42 U.S.C. § 1331 and 28 U.S.C. § 1343.

13.     The Court has jurisdiction over Plaintiffs' supplemental state court claims under 28 U.S.C. § 1367.

14.     Venue is proper in the Eastern District of New York under 28 § 1391(b) in that a substantial part of the events giving rise to Plaintiffs' claims occurred in this district.

## PARTIES

15.     Plaintiff,  **SID BOYS CORP. d/b/a KELLOGG's DINER**, is a New York Corporation with its principal place of business in Kings County. Because of Governor Cuomo's executive order 202.81, Plaintiff has been forced to shutdown its "indoor dining" again on December 14, 2020 for a *second time* and and more importantly, at the beginning of the holiday season.

16.     Plaintiff, **143 CAFE INC. d/b/a TOSCANA**, is a New York Corporation with its principal place of business in New York County. Because of Governor Cuomo's executive order 202.81, Plaintiff has been forced to shutdown its "indoor dining" again on December 14, 2020 for a *second time* and and more importantly, at the beginning of the holiday season.

17.     Defendant **ANDREW M. CUOMO** is the Governor of the State of New York and signed Executive Order 202.3 on March 16, 2020 (Attached as Exhibit A.), which ordered restaurants and bars to cease serving patrons food and drink for on premise consumption at 8:00 p.m. The State Constitution requires that the Governor ensure that the laws of the state are "faithfully executed." Governor Cuomo's office for the transaction of business is located at the New York State Capitol Building, Albany, New York 12224. Governor Cuomo is sued herein in his official capacity. Pursuant to Executive Law § 223, the superintendent of state police and its members "shall be subject to the call of the governor and are empowered to co-operate with any other department of the state or with local authorities."

18.     Defendant the Office of the Attorney General of the State of New York, pursuant to Executive Law § 60, is the head of the New York State Department of Law and prosecutes and defends all actions in which the state has an interest, and has charge and control of all the legal business of the departments and bureaus of the state, or of any office thereof which requires the services of attorney or counsel to protect the interest of the State.

## STATEMENT OF FACTS

19.     On March 16, 2020, Plaintiff, and all others similar situated, were ordered by Defendants' Executive Order 202.3 to *cease serving patrons food or beverage on-premises*

*effective at 8pm on March 16, 2020, and until further notice shall only serve food or beverage for off-premises consumption.* Target, Walmart, Liquor Stores and Home Depot were allowed to remain open for on premises shopping as "Essential" businesses.

20.     "Essential businesses" were subject to neither the in-person restrictions of Governor Cuomo's executive orders nor the closings and in-person restrictions of subsequent executive orders.

21.     Plaintiffs' health protocols are sufficiently similar to those businesses that were allowed to remain open.

22.     What were initially billed as temporary measures necessary to "flatten the curve" and protect hospital capacity have become open-ended and ongoing restrictions aimed at a very different end- stopping the spread of an infectious disease and preventing new cases from arising-which requires ongoing and open-ended efforts.

23.     Defendants' Executive Order 202.3 and the executive orders that followed did not provide a pre- or post- deprivation remedy to question a designation of "essential" or to determine whether Plaintiffs can open *"indoor dining"* with the same health related protocols as the "essential" businesses allowed to open.

24.     There was a list of businesses that were allowed to remain open for on-premises purchasing and that the classification was not reasonable or rational and was arbitrary and random without any data, and therefore a denial of due process.

25.     Defendants, as set forth in the Executive Shutdown Orders, declared the ability to control the movement of residents of the State of New York, and to order that citizens of the

State not utilize their private property, without providing the citizens prior notice nor an opportunity to be heard, and without providing just compensation.

26.     On June 13, 2020, Governor Cuomo issued Executive Order 202.41. (See Executive Order 202.41 attached as Exhibit B.)  Executive Order 202.41 opened "indoor dining" for restaurants and bars outside New York City.

27.     On June 13, 2020, Governor Cuomo arbitrarily decided to keep New York City Restaurants shutdown for "indoor dining" despite the data and science showing otherwise. The covid-19 infection rate in Manhattan on June 13, 2020 was .8%.

https://forward.ny.gov/percentage-positive-results-county-dashboard

28.     Re-opening guidelines for Restaurants outside of New York City were issued by the State of New York. Accordingly, all employees must wear masks and indoor capacity was limited to no more than 50% of maximum capacity. (See Reopening New York Guidelines attached as Exhibit C.)

29.     On June 25, 2020, Governor Cuomo said the following on CNN: *"What we're saying in New York, look, we did the right thing and New Yorkers paid a terrible cost as you know, Alyson. They have been locked up. They have been closing their businesses. We have the virus under control finally. We had to flatten the curve."[1]* (See attached transcript as Exhibit D.)

30.     Despite Governor Cuomo's comments on June 25, 2020 that the "*virus was under control*" and "*the curve was flat*", "indoor dining" in New York City remained shut.

31.     On July 6, 2020, Governor Cuomo announced that New York City would enter Phase III of re-opening without "indoor dining." The New York City region is the only region in

---

[1] Audio & Rush Transcript: Governor Cuomo announces New York at Lowest Hospitalization Rate since Beginning of Covid-19 Pandemic. June 25, 2020.

New York State that does not allow indoor dining in restaurants and bars. (See Executive Order 202.48 attached as Exhibit E.)

32.     On July 6, 2020, New York City had an infection rate of 1.0% and a 14-day rolling average infection rate of 1.1%. The science and data did not support the continued shutdown of New York City restaurants and bars.

https://forward.ny.gov/percentage-positive-results-region-dashboard

33.     Absent from the Executive Orders issued by Governor Cuomo is any provision addressing the inherent financial burden inflicted by the Defendants on restaurants throughout New York City.

34.     According to the August 2020 Rent Report issued by the NYC Hospitality Alliance, 83% of NYC restaurants and bars could not pay rent in July and 87% of NYC restaurants and bars could not pay their rent in August. (See August 2020 Rent Report attached as Exhibit F.)

35.     For the entire month of August, 2020, New York City had an average infection rate of under 1.0% and the hospitalizations were at pre-covid lows, yet New York City was the only region in New York State that was not permitted to operate indoor dining in restaurants and bars.

https://forward.ny.gov/daily-hospitalization-summary-region

The data and science did not support this continued shutdown of indoor dining in New York City.

https://forward.ny.gov/percentage-positive-results-region-dashboard

36.     Finally, On September 9, 2020, Governor Cuomo signed Executive Order 202.61 which modified the previous directives and which will now allow indoor food services and

dining in New York City beginning September 30, 2020, so long as Department of Health and any other applicable state-issued guidance is strictly adhered to. (See Executive Order 202.61 attached as Exhibit G.)

37.     Re-opening guidelines for New York City restaurants and bars were issued by the State of New York. Accordingly, New York City restaurants and bars would be subject to the following harsh restrictions:

   a.     all employees must wear masks;

   b.     indoor capacity was limited to no more than 25% of maximum capacity;

   c.     all employees and patrons will have their temperature checks taken before entry;

   d.     one person from each party would have to sign in before or upon entry and provide full name, address and phone number for use in contact tracing efforts;

   e.     Prohibit seating and service at bars; and

   f.     Mandatory health screening of employees.

 (See Reopening New York City Guidelines attached as Exhibit H.)

38.     The aforementioned guidelines for New York City restaurants were *significantly more severe* than restaurants outside of New York City which did not require temperature checks, contact tracing, indoor capacity was limited to 50% of maximum capacity as opposed to 25% capacity for New York City restaurants and bars and patrons can sit and eat at the bar.

39.     There was no rational basis for subjecting New York City restaurants and bars to greater restrictions and longer closings. These restrictions were not supported by data or science.

40.     Even though there is no difference in the risk of covid-19 transmission between an indoor restaurant in Queens and one in Yonkers, Albany or Buffalo, the restaurants and bars in New York City are treated differently under law without a rational basis.

41.     As a general matter, "essential businesses" have been able to operate largely unfettered by State restriction- with generally no limits on occupancy of indoor space, nor restriction on entry to ostensibly healthy individuals, nor requirements that entrants provide information for contact tracing purposes.

42.     On November 25, 2020, Governor Cuomo said that he expected infection rates to rise during Thanksgiving at his Press Conference, "*Thanksgiving will be an added accelerant because people travel and there's more social activity. I'm going home to see my family. The travel is way up and we're going to see an increase post-Thanksgiving. We expect that.*" (See November 25,  2020 Transcript attached as Exhibit I.)

43.     On November 30, 2020, Governor Cuomo said, "*The bars and restaurant protocols and restrictions have had an effect, we've seen a reduction in the level of spreads from bars and restaurants.*" Governor Cuomo also said that, "*Family gatherings and smaller social gatherings have exploded as places where the virus is spreading.*" Cuomo also made an admission that "*the valve no longer controls the spread,*" meaning that he has no way of controlling the spread since the virus is spreading in people's homes.  https://www.governor.ny.gov/news/governor-cuomo-announces-winter-plan-combat-covid-19-surge-new-york-state

44.     On December 1, 2020, Governor Cuomo said the situation now is much different than it was in March. The Governor was talking about the rate of transmission when he stated the

following: "*The rate of transmission last March was about five, meaning one person was infecting five other people. Our rate of transmission is now about one. So it is a much, much different situation that where we were in March, and our rate of transmission is much lower. But the difference between five and one is all the difference in the world.*" Cuomo also said, "*Our rate of increase in hospitalizations is nothing like it was back in March. That was an extraordinarily type of growth that we are just not seeing now. The rate of growth is nowhere close to what it was back in March.*"

https://www.rev.com/blog/transcripts/ny-gov-andrew-cuomo-teleconference-briefing-transcript-december-1

45.     Governor Cuomo praised New Yorkers in his December 2, 2020 Press Conference by saying, "*We have a lower percentage of hospitalizations, lower percentage of hospitalization increase, less burden on our hospitals pro rata, less of a hospital emergency than thew other states because New Yorkers have been smart.*"

https://www.rev.com/blog/transcripts/new-york-gov-andrew-cuomo-covid-19-press-conference-transcript-december-2

46.     On Monday, December 7, 2020, Governor Cuomo said that the hospitalization rate was lower in New York City than in upstate New York. Cuomo said, "*You come down to New York City, we actually have a lower rate hospitalized than upstate, which is an exact flip of where we were in the Spring. Spring, we had a largely downstate situation and upstate the situation was much better.*" Governor Cuomo also stated that "*New York still had one of the lowest positivity rates in the nation and our worst region is still lower than 41 states.*"

11

https://www.rev.com/blog/transcripts/new-york-gov-andrew-cuomo-covid-19-press-conference-transcript-december-7

47.     On December 9, 2020, Cuomo admitted that the guidelines on indoor dining have been working when he said the following, "*We do have data on where the spread is coming from, and we do have data on the amount of spread coming from indoor dining. They are right that it's not as bad as it was, but it's not as bad because we put significant restrictions on indoor dining. And when you reduce the capacity and you have masks and you have plexiglass partitions, yes we have reduced the numbers.*"

https://www.rev.com/blog/transcripts/new-york-gov-andrew-cuomo-covid-19-press-conference-transcript-december-9

48.     On December 11, 2020, Governor Cuomo provided a chart containing statewide contact tracing data. (Please see chart attached as Exhibit J.) This chart indicated that private household gatherings are driving the spread at 74%. The chart also suggested that restaurants and bars are not the cause of the covid-19 spread because they only bore a 1.43% share of exposure source.

49.     Despite the expansive data that conveys that New York City restaurants are not the source of spread, Governor Cuomo delivered a fatal blow to the New York City restaurant industry when Governor Cuomo signed Executive Order 202.81 which suspended authorization for indoor dining within New York City effective on Monday, December 14, 2020. (See Executive Order 202.81 attached as Exhibit K.)

50.     On December 11, 2020, New York City had the second lowest infection rate in the State at 3.7%. Long Island had an infection rate at 5.2%. Westchester County had an infection

rate of 5.6%. Manhattan had an infection rate of 2.6%, which was half the infection rate of Long Island and more than half of the infection rate of Westchester. Despite the staggering numbers, restaurants on Long Island and Westchester continue to operate at 50% capacity with indoor dining.

https://forward.ny.gov/percentage-positive-results-region-dashboard

51.     The infection rate and curve has remained flat in Manhattan. The infection rate was 2.2% on November 17, 2020 and 2.1% on December 19, 2020, despite having the highest population density in New York State. (Please see chart provided as Exhibit L.)

52.     World renowned Stanford University epidemiologist Dr. Jayanta Bhattacharya has opined that "restaurants in New York City can safely permit indoor dining to occur on their premises by continuing to follow the guidelines set forth by the State of New York." (See Declaration of Dr. Jayanta Bhattacharya ¶ 24.)

53.     "As long as the affected restaurants comply with New York City reopening guidelines, merely having dense indoor spaces outside of the affected restaurants does not create greater risk of covid-19 transmission inside the spaces of the affected restaurants." (See Declaration of Dr. Jayanta Bhattacharya ¶ 42.)

54.     "The key reason is that the reopening guidelines require that New York City's restaurants check potential patrons for symptoms consistent with covid-19 disease, permitting people without symptoms to enter the premises and dine indoors. Numerous lines of evidence establish that SARS-CoV-2 infected patients with no symptoms are much less efficient at spreading the disease than people with symptoms. A meta-analysis of 54 studies from around the world found that within households- where none of the safeguards that restaurants are required to

apply are typically applied- symptomatic patients passed the disease to household members in 18% of instances, while asymptomatic passed on the disease to household members in .7% of instances." (See Declaration of Dr. Jayanta Bhattacharya ¶ 42.)

55.     "Moreover-and significantly- prohibiting indoor dining in New York City raises the likelihood of uncontrolled private indoor gatherings, which carry with them a substantially higher risk of transmission of the virus if precautions are not taken."

(See Declaration of Dr. Jayanta Bhattacharya ¶ 40.)

56.     "By prohibiting indoor on-premises dining and doing so throughout the City of New York, the State of New York is imposing stricter requirements than necessary. However, it is doing so without scientific justification for imposing such stricter requirements on these activities. The data available does not contain any epidemiological or other model that shows that, for example, prohibiting indoor dining in New York City has any relationship whatsoever to avoiding circumstances that, "challenge our health care delivery system's ability to surge with space, supplies and staff," does not compare hospitalization forecasts against hospital capacity in light of prohibitions on indoor dining, does not account for the possibility of transfers of patients across to other counties, nor account for the possibility of building and staffing field hospitals in overstretched areas. Absent modeling that makes explicit assumptions about these details, the claimed benefits of restricting indoor dining as the State of New York has purported to do lacks adequate justification." (See Declaration of Dr. Jayanta Bhattacharya ¶ 29.)

57.     "Though I have read many of the contact tracing studies in the scientific literature that document the most common sources of spread of COVID infection, I am aware of no evidence to suggest that indoor dining is more likely to result in the spread of the COVID-19

virus than the permitted venues such as casinos, malls, bowling alleys, museums, Target stores,

Walmart - including private gatherings- that remain permissible and, in fact, will be more likely

in the event that this order remains in effect."

(See Declaration of Dr. Jayanta Bhattacharya ¶ 25.)

58.     In light of the data and expert analysis, there is no rational or conceivable basis

for determining that treating restaurants and malls, casinos, bowling alleys, department stores

differently in New York City was justified.

59.     Without scientific justification or data, the Defendants have treated New York

City restaurants differently than restaurants operating in counties bordering New York City.

There was no rational basis provided for shutting down New York City indoor dining and

keeping restaurants throughout the state open.


## FIRST CAUSE OF ACTION
Violation of the Equal Protection Clause of the U.S. Constitution
42 U.S.C. § 1983, Fourteenth Amendment

60.     Plaintiffs hereby allege and incorporate by reference the allegations of the

Complaint set forth above.

61.     The Equal Protection Clause of the Fourteenth Amendment requires that every

state regulation be at a minimum rationally related to a legitimate governmental interest.

62.     Arbitrary and irrational classifications are not constitutional.  "The State may not

rely on a classification whose relationship to an asserted goal is so attenuated as to render the

distinction arbitrary or irrational." *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 446

(1985).

63.     The Fourteenth Amendment of the United States Constitution guarantees that no state shall "deny to any person within its jurisdiction the equal protection of the laws."

64.     Defendant Cuomo issued Executive Order 202.81 in an arbitrary and capricious manner, which was inconsistent with the State's own statistical and health data.

65.     The Defendants continue to govern impartially, irrationally and arbitrarily by allowing Malls, Casinos, Bowling Alleys, Liquor Stores, Department Stores, Gyms in New York City to remain open while indoor dining in New York City restaurants is shutdown.

66.     The Defendants continue to govern impartially, irrationally and arbitrarily by allowing restaurants throughout the State to remain open at 50% indoor capacity while indoor dining in New York City restaurants is shutdown.

67.     The shutdown of indoor dining in New York City is arbitrary and irrational.

68.     "Now, as we round out 2020 and face the prospect of entering a second calendar year living in the pandemic's shadow and even if the. Constitution has taken a holiday during this pandemic, it cannot be a sabbatical." *Roman Catholic Diocese v. Andrew M. Cuomo et al.*, 592 U.S. _____ (2020).

69.     As stated above, the shutdown of Plaintiffs' restaurants refute the State's data and are not rationally related to the State's legitimate interest in reducing the spread of covid-19.

70.     There is not a rational distinction grounded in public health between restaurants and malls, casinos, bowling alleys, department stores, liquor stores and gyms in New York City.

71.     There is not a rational distinction grounded in public health between restaurants outside of New York City and restaurants in New York City.

72.     Plaintiffs have been denied due process and equal protection of the laws because there is no rational basis to treat New York City restaurants differently than similarly situated casinos, malls,  bowling alleys, department stores, Walmart, gyms and restaurants outside of New York City, by forcing New York City restaurants to close indoor dining while allowing the aforementioned similarly situated businesses to remain open.

73.     The Executive Order 202.81 does not provide for compensation to the affected business owners as a result of Governor Cuomo's Executive Shutdown Order.

74.     Plaintiffs are suffering and will continue to suffer substantial and irreparable harm unless this Honorable Court declares that Defendant Governor Cuomo's Executive Order 202.81 is unlawful, and enjoins Defendants from enforcing them against Plaintiffs.

## SECOND CAUSE OF ACTION
Violation of the Due Process Clause of the United States Constitution
42 U.S.C. § 1983, Fourteenth Amendment

75.     Plaintiffs hereby allege and incorporate by reference the allegations of the Complaint set forth above.

76.     The Fourteenth Amendment of the United States Constitution guarantees that no State shall "deprive any person of life, liberty, or property without due process of law."

77.     Shutting down a business is a significant incursion on the rights to liberty and property.

78.     A business operating out of compliance of Executive Order 202.81 is subject to severe fine and penalties, loss of liquor license and possible police action.

79.    The Executive Order 202.81 did not provide for prior notice and an opportunity to be heard relative to the mandated shutdown.

80.    Because a consequential private interest is at issue and the risk of erroneous deprivation is high, it is particularly important that robust procedural protections be extended to Plaintiffs.

81.    The Plaintiffs have proven and the data has shown their ability to conduct their restaurants in full compliance with all the guidelines imposed by the Defendants and that Defendant Cuomo has admitted that the restaurant numbers are down because of the restrictions put in place by the State.

82.    Defendants have ordered the shutdown of indoor dining in New York City restaurants without observing any meaningful protections.

83.    Plaintiffs have been denied due process as a result of New York City indoor dining being arbitrarily shut down without the required minimum process.

84.    Plaintiffs are suffering and will continue to suffer substantial and irreparable harm unless this Honorable Court declares that Defendant Governor Cuomo's Executive Order 202.81 is unlawful, and enjoins Defendants from enforcing them against Plaintiffs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request judgment as follows:

A.    Declare that Executive Order 202.81 is unconstitutional;

B.    Declare that enforcement of Executive Order 202.81 which compels the shutdown of indoor dining in New York City to be unlawful,

unconstitutional and/or a violation of Plaintiffs' rights;

C.      Granting an Order preliminarily, and thereafter, permanently enjoining

Defendants and their agents, officers, servants and employees from

enforcing Executive Order 202.81;

D.      Award of costs and expenses, including reasonable attorneys' fees under

42 U.S.C. § 1983; and

E.      Awarding such further relief that this Honorable Court finds just and

equitable.

Dated:  Syosset, New York
        December 18, 2020

By:_____

James G. Mermigis, Esq.
**THE MERMIGIS LAW GROUP, P.C.**
85 Cold Spring Road, Suite 200
Syosset, New York  11791
516-353-0075
James@MermigisLaw.com

Gail Esses Weiner, Esq.
Lebow & Sokolow LLP
770 Lexington Avenue, 6th Floor
New York, New York  10065
(212) 935-6000

*Attorneys for Plaintiffs*